**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

JESSICA LITTLEFIELD, Individually,            :
                                              :
            Plaintiff,                        :
                                              :   COMPLAINT
v.                                            :   42 U.S.C. § 12181 *et seq.*
                                              :
ELEVEN EXCHANGE, LLC,                         :   Case No.:_____
      a Maine Limited Liability Company       :
                                              :
            Defendant.                        :
_____ /

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, JESSICA LITTLEFIELD, Individually, on her behalf and on behalf of all other

individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant,

ELEVEN EXCHANGE, LLC ("Defendant"), for Injunctive Relief, and attorney's fees, litigation

expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

("ADA").

1.      Plaintiff is a Maine resident, lives in South Portland Maine, is *sui juris*, and qualifies as

        an individual with disabilities as defined by the ADA.  Plaintiff is bound to ambulate in a

        wheelchair and has difficulty using her hands.

2.      Defendant's property, Bull Feeney's, 375 Fore Street, Portland, Maine  04101, is  located

        in the County of Cumberland.

3.      Venue is properly located in the District of Maine because venue lies in the judicial

        district of the property situs.  The Defendant's property is located in and does business

        within this judicial district.

4.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original

jurisdiction over actions which arise from the Defendant's violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.  *See also* 28 U.S.C. § 2201

and § 2202.

5.     Plaintiff has visited the property which forms the basis of this lawsuit and plans to return

to the property to avail herself of the goods and services offered to the public at the

property, and to determine whether the property has been made ADA compliant. The

Plaintiff has encountered architectural barriers at the subject property which discriminate

against her on the basis of her disability and have endangered her safety.  These barriers

also prevent Plaintiff from returning to the property to enjoy the goods and services

available to the public.

6.     Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of

the Defendant's discrimination until the Defendant is compelled to comply with the

requirements of the ADA.  Plaintiff is deterred from, and is denied the opportunity to

participate and benefit from the goods, services, privileges, advantages, facilities and

accommodations at Defendant's property equal to that afforded to other individuals.

Plaintiff is aware that it would be a futile gesture to attempt to visit Defendant's property

if she wishes to do so free of discrimination.

7.     Defendant owns, leases, leases to, or operates a place of public accommodation as

defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and

36.104.  Defendant is responsible for complying with the obligations of the ADA.  The

place of public accommodation that the Defendant owns, operates, leases or leases to is known as Bull Feeney's.

8.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9.     The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

10.    A preliminary inspection of has shown that ADA violations exist. These violations include, but are not limited to:

A.  There is no level landing at the entrance door, only steps;

B.  There is no lowered section at the bar;

C.  There is insufficient accessible seating at the facility;

Women's Restroom:

D.  There are steps leading to the restroom;

E.  The accessible stall is too small;

F.  There is insufficient maneuvering and transfer space inside the stall;

G.  There are no grab bars provided;

H.  The coat hook is too high;

I.  The restroom door lacks accessible signage;

J.  There is no knee clearance under the sink due to cabinetry;

K.  The soap dispenser is out of reach;

L.  The mirror is too high;

11.  The discriminatory violations described in paragraph 10 are not an exclusive list of the

Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of

public accommodation in order to photograph and measure all of the discriminatory acts

violating the ADA and all of the barriers to access.  The Plaintiff, and all other individuals

similarly situated, have been denied access to, and have been denied the benefits of

services, programs and activities of the Defendant's buildings and its facilities, and have

otherwise been discriminated against and damaged by the Defendant because of the

Defendant's ADA violations, as set forth above.  The Plaintiff and all others similarly

situated will continue to suffer such discrimination, injury and damage without the

immediate relief provided by the ADA as requested herein.  In order to remedy this

discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of

public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12.    Defendant has discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq*. and 28 CFR 36.302 *et seq*.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13.    Plaintiff is without adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14.    Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the

altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter its facility to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

b.      Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and

to require the Defendant to make reasonable modifications in policies, practices or

procedures, when such modifications are necessary to afford all offered goods,

services, facilities, privileges, advantages or accommodations to individuals with

disabilities; and by failing to take such stops that may be necessary to ensure that

no individual with a disability is excluded, denied services, segregated or

otherwise treated differently than other individuals because of the absence of

auxiliary aids and services.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. §

12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

Respectfully Submitted,
/s/Lynne Williams
Lynne Williams, Esq., Of Counsel
Thomas B. Bacon, P.A.
13 Albert Meadow
Bar Harbor, ME  04609
207-266-6327
LWilliamsLaw@earthlink.net
Maine Bar No. 9267